IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESTER HOWARD, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HARRY MASTERON, et al. | : | NO.: 06-5632 |
| Defendants | : | |

**MEMORANDUM**

**Stengel, J.**                                                                                                           December 21, 2009

Plaintiff Lester Howard filed a complaint alleging violations pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against Harry Masterson, the City of Philadelphia, Raphael McGough, McDonnell, Maurice Hampton, Detective Morley, Lynne Abraham, Stacey Forchetti,[1] Police Officer Richard Roe, Unknown Police Officers, and Baldwin.

I will dismiss his complaint because it was not timely filed.

**I. BACKGROUND**

Plaintiff Lester Howard alleges, on June 15, 2005, at approximately 2:30 or 2:45 a.m., he and a friend were walking when Defendant Harry Masterson approached him and stated "let me get (1) one and (1) one." Amended Complaint at 2, Howard v. Masterson, No. 06-5632 (E.D. Pa. filed Feb 13, 2008). Mr. Howard alleges he responded "(1) and (1) of what?" and Mr. Masterson said one bag of crack and one bag of heroin.

---

[1] Although Mr. Howard names "Stacey Forchitti" in his complaint, Stacy Forchetti was the assistant district attorney who prosecuted Mr. Howard.

Id. Mr. Howard informed Mr. Masterson he did not have anything and proceeded with his walk.

Shortly following this encounter, a patrol car stopped Mr. Howard and his friend. Mr. Howard ran "and a short chase ensued." Id. at 3. Mr. Howard eventually stopped running and placed his hands in the air. Id. Mr. Howard alleges Officer McGough struck him, slammed him against a building, and yelled "stop resisting."

A second police car arrived, carrying Mr. Masterson. Mr. Masterson alleged Mr. Howard had robbed him of $20.00. Amended Complaint at 3. The police officers, however, were unable to locate the $20.00 on Mr. Howard. Id. They found only a purple lighter, which Mr. Masterson claimed was his. Id.

Mr. Howard was arrested, charged, and tried for the above incident. On December 16, 2005, he was found not guilty. Id. at 3-5. Mr. Howard alleges Mr. Masterson and Officer McGough testified falsely at the preliminary hearing, and Mr. Masterson, Officer McGough, Officer McDonell and Officer Morley testified falsely at trial. Among other allegations, Mr. Howard alleges Officers McGough, McDonell, and Morley "coached Mr. Masterson to concoct a series of falsehoods that were presented to prosecutors to justify" Mr. Howard's prosecution. Id. at 5.

## II. STATUTE OF LIMITATIONS

Mr. Howard was arrested on June 15, 2005, and was found not guilty on December

16, 2005. He commenced this action, by filing his application to proceed in forma pauperis, on January 15, 2008.[2] See Hughes v. Smith, 237 Fed. Appx. 756, 759 (3d Cir. 2007) (citing McDowell v. Del. State Police, 88 F.3d 188 (3d Cir. 1996) (complaint deemed "constructively filed" if the court ultimately grants the motion to proceed in forma pauperis).

Section 1983 and section 1985 claims are governed by the state statute of limitations for general personal injury actions. Wilson v. Garcia, 471 U.S. 269, 279-80 (1985); Burnett v. Grattan, 468 U.S. 42, 49 (1984); Lake v. Arnold, 232 F.3d 360, 368-69 (3d Cir. 2000). The state's relevant tolling rules also apply to federal civil rights causes of action. Lake, 232 F.3d at 368. The Pennsylvania statute of limitations for personal injury actions is two years. 42 Pa. C.S. § 5524. This two-year statute of limitations also applies to state tort claims. Id. A section 1986 claim must be "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. A limitations period begins to run when a person "knows or has reason to know of the injury which is the basis of the" action. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)).

A complaint will be deemed "constructively filed on the date the clerk received it, as long as the District Court ultimately granted the motion to proceed in forma pauperis or

---

[2] Pursuant to the prison mailbox rule, I will consider documents from Mr. Howard filed on the date he signed them. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003) (citing Houston v. Lack, 487 U.S. 266 (1988)).

the plaintiff paid the filing fee." Hughes, 237 Fed. Appx. at 759 (citing McDowell, 88 F.3d 191). However, the filing of a complaint that is dismissed without prejudice does not toll a statute of limitations. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) (quoting Cardio-Med. Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983)); Royal-Globe Ins. Cos. V. Hauck Mfg. Co., 335 A.2d 460, 462 (Pa. Super. Ct. 1975) (adopting the rule developed in Willard v. Wood, 164 U.S. 502, 523 (1896), which states "if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his right, or where, from any cause, a plaintiff because nonsuit, or the action abates or is dismissed, and during the pendency of the action, the limitations runs, the remedy is barred."). A complaint that is dismissed without prejudice does not toll the statute of limitations because "the original complaint is treated as if it never existed." Id.

The latest date Mr. Howard would have reason to know of the basis of the action was December 16, 2005.[3] Therefore, the latest the statute of limitations started to run was December 16, 2005. The earliest his complaint can be deemed filed is January 15, 2008, the date he signed his in forma paurperis petition. This was more than two years following his conviction, and was after the applicable statute of limitations had lapsed.

Mr. Howard argues he filed his complaint on December 14, 2006, and, therefore,

---

[3] Mr. Howard would have had reason to know of all of his claims, except his malicious prosecution claim, at the date of his arrest, or shortly thereafter. And would have reason to know his malicious prosecution claim on December 16, 2005, the date he was found not guilty. See Rose v. Bartle, 871 F.3d 331, 348-49 (3d Cir. 1989) (statute of limitations in malicious prosecution claims begins to run when the proceedings are terminated in the plaintiff's favor).

4

his complaint was timely.  See Motion to Seek Leave to File a Response to Defendants' Motion to Dismiss Nunc Pro Tunc at 1-2, Howard v. Masterson, No. 06-5632 (E.D. Pa. filed Nov. 13, 2009).  Mr. Howard filed an application to proceed in forma pauperis and affidavit in support on December 14, 2006.  On January 3, 2007, however, this motion was denied without prejudice for failing "to file a certified copy of his prisoner account statement for the entire six-month period prior to the filing of his complaint." Order, Howard v. Masterson, No. 06-6532 (E.D. Pa. filed Jan. 3, 2007).  The order informed Mr. Howard he "must get a certified account statement from any correctional facility in which he was confined during the six-month period from June 26, 2006 to December 26, 2006." Id. at n.1.  Mr. Howard did not file another application until January 15, 2008,[4] more than one year after his original application was denied, and more than two years after he was found not guilty of the robbery charges.  Form to be Used by a Prisoner Filing an Application to Proceed in Forma Pauperis in a 42 U.S.C. § 1983 Civil Rights Action in the United States District Court for the Eastern District of Pennsylvania, Howard v. Masterson, No. 06-5632 (E.D. Pa. filed Jan. 15, 2008).

Mr. Howard's filing of an in forma pauperis petition on December 15, 2006 did not make his January 15, 2008 complaint timely.  His initial petition was denied without

---

[4] The complaint filed with Mr. Howard's January 15, 2008 petition was dated December 14, 2006.  However, it appears Mr. Howard signed this complaint when he filed his initial in forma pauperis petition, which was dismissed without prejudice.  Therefore, I find the cause of action was filed on January 15, 2008, the date he signed the correct application for in forma pauperis.

5

prejudice on January 3, 2007, and he did not file a corrected petition until January 15, 2008, more than one year later. The filing of the December 15, 2006 petition did not toll the statute of limitations. See Brennan, 407 F.3d at 606 (statute of limitations not tolled where complaint was dismissed without prejudice).

Accordingly, his January 15, 2008 complaint was untimely, and will be dismissed.[5]

An appropriate order follows.

---

[5] Defendants Philadelphia District Attorney Lynne Abraham and Assistant District Attorney Stacy Forchetti also maintain their motion to dismiss should be granted because they have absolute prosecutorial immunity. Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Complaint, Pursuant to the Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Philadelphia District Attorney Lynne Abraham and Assistant District Attorney Stacy Forchetti at 5-13, Howard v. Masterson, No. 06-5632 (E.D. Pa. filed Aug. 24, 2009). Prosecutors are immune from Section 1983 liability for acts "intimately associated with the judicial phase of the criminal process" such as initiating prosecutions, presenting the Commonwealth's case, and pursuing a criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). It appears this argument has merit. However, because this case is dismissed on statute of limitations grounds, I need not address the issue.